IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LANCET IP LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>LINODE LLC,<br><br>      Defendant. | CIVIL ACTION<br><br>NO. 3:21-cv-2985<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lancet IP LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

**THE PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 7548 Preston Rd., Suite 141 PMB 1052, Frisco, TX 75034.

2. Defendant Linode LLC ("Defendant") is a corporation organized under the laws of the State of New Jersey, having a regular and established place of business in Dallas, Texas. https://www.linode.com/global-infrastructure/. Upon information and belief, Defendant makes, uses, offers to sell, sells, and/or imports products and services throughout the United States, including in this judicial district.

**JURISDICTION AND VENUE**

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the

United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has general and specific personal jurisdiction over Defendant, consistent with due process. On information and belief, Defendant has a regular place of business in Dallas, Texas, within this judicial district. Further, Defendant has minimum contacts with the State of Texas, and Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas, including, on information and belief, through the manufacture, use, sale, and/or offer for sale of the accused products and/or services throughout the State of Texas and this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant has a place of business and, on information and belief, has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

**U.S. Patent No. 9,160,606**

6. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 9,160,606, entitled "Remote Access System for Using Scientific Algorithms in Local Data Processing" ("the '606 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7. A true and correct copy of the '606 patent is attached hereto as Exhibit A. The '606 patent is incorporated herein by reference.

8. The application that became the '606 patent was filed on December 4, 2012.

9. The '606 patent issued on October 13, 2015, after a full and fair examination by the USPTO.

10. The '606 patent is valid and enforceable and directed to eligible subject matter.

11. The elements recited in the asserted claims of the '606 patent were not well-understood, routine, or conventional when the application that became the '606 patent was filed.

12. The claims of the '606 patent, including claim 1, are directed to technical solutions to technical problems in remote data processing.

**U.S. Patent No. 10,057,219**

13. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 10,057,219, entitled "Remote Access System for Using Scientific Algorithms in Local Data Processing" ("the '219 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

14. A true and correct copy of the '219 patent is attached hereto as Exhibit B. The '005 patent is incorporated herein by reference.

15. The application that became the '219 patent was filed on October 8, 2015, and is a continuation of an application filed on December 4, 2012

16. The '219 patent issued on August 21, 2018, after a full and fair examination by the USPTO.

17. The '219 patent is valid and enforceable and directed to eligible subject matter.

18. The elements recited in the asserted claims of the '219 patent were not well-understood, routine, or conventional when the application that became the '219 patent was filed.

19. The claims of the '219 patent, including claim 1, are directed to technical solutions to technical problems in remote data processing.

### COUNT I – INFRINGEMENT OF THE '606 PATENT

20. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

21. Defendant has made, used, sold, offered for sale, and/or imported products and/or services that incorporated one or more of the inventions claimed in the '606 patent.

22. For example, Defendant has infringed at least claim 1 of the '606 patent, either literally or under the doctrine of equivalents, in connection with Defendant's cloud infrastructure for remote cloud computing, analysis, development, etc., as detailed in the preliminary claim chart attached hereto as Exhibit C and incorporated herein by reference.

23. Defendant's infringing activities have been without authority or license under the '606 patent.

24. Plaintiff has been damaged by Defendant's infringement of the '606 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '219 PATENT

25. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

26. Defendant has made, used, sold, offered for sale, and/or imported products and/or services that incorporated one or more of the inventions claimed in the '219 patent.

27. For example, Defendant has infringed at least claim 1 of the '219 patent, either literally or under the doctrine of equivalents, in connection with Defendant's cloud infrastructure for remote cloud computing, analysis, development, etc., as detailed in the preliminary claim chart attached hereto as Exhibit D and incorporated herein by reference.

28. Defendant's infringing activities have been without authority or license under the '219 patent.

29. Plaintiff has been damaged by Defendant's infringement of the '219 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '606 patent and the '219 patent,

B. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

C. Pre-judgment and post-judgment interest on the damages assessed, and

D. That the Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285, and

E. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 30th day of November, 2021.

    Respectfully submitted,

    */s/ Papool S. Chaudhari*
    Papool S. Chaudhari
    Texas Bar No. 24076978
    PRA Law
    2800 Bartons Bluff Lane #1902
    Austin, TX 78746
    (214) 702-1150

papool@pralawllc.com

Cortney S. Alexander
(pro hac vice application to be submitted)
GA Bar No. 142690
  cortneyalexander@kentrisley.com
  Tel: (404) 855-3867
  Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff